July 3, 2025

**Supreme Court**

No. 2024-17-Appeal.
(NC 13-437)

Robert Stratoberdha et al.　　　　:

v.　　　　　　　　:

Clements Properties, LLC, et al.　　:

NOTICE:　This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Robert Stratoberdha et al.          :

v.          :

Clements Properties, LLC, et al.     :

Present:  Suttell, C.J., Goldberg, Robinson, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**   The plaintiff, Robert Stratoberdha, is

before the Court on appeal from a Superior Court order approving a settlement

agreement despite his objection.[1]  Critically, however, Robert failed to timely appeal

any of the three orders rendered in the Family Court during the divorce proceedings

from his then-wife Etleva, which included the appointment of a Commissioner, the

authorization to effectuate the sale of the marital domicile, and the adoption of the

settlement agreement.  Accordingly, the Family Court decrees are final and the

---

[1] In order to avoid confusion, we refer to the individual plaintiffs, Robert and Etleva Stratoberdha, by their respective first names, and we refer to the plaintiffs collectively by their last name, the Stratoberdhas.  We intend no disrespect. Although the Stratoberdhas are both plaintiffs, on appeal, they take divergent positions; Robert is the appellant and Etleva is an appellee.

Superior Court's reliance thereon may not be challenged in connection with the ministerial act of approving the settlement agreement. For the reasons explained below, we affirm.

**Facts and Travel**

In October 2013, the Stratoberdhas, by and through legal counsel, filed an action in the Superior Court (the Superior Court action), naming defendants Clements Properties, LLC; Robert P. Rucando; and various officials of the Town of Portsmouth, sued in their official capacities. The Superior Court action stemmed from the Stratoberdhas' purchase of real estate located at 18 Peggy Lane in Portsmouth, Rhode Island, which abutted real property owned by Clements Properties. The Stratoberdhas sought a jury trial and alleged that Clements Properties was responsible for a continuous trespass onto 18 Peggy Lane by "creating an illegal and unapproved drainage structure," which discharged water onto their property; that Rucando failed to disclose the flooding issue properly and fully when he sold 18 Peggy Lane to the Stratoberdhas in 2008; and that the Town neglected to enforce certain ordinances relating to the illegal drainage system.

Nearly eight years later, the Superior Court action endured, but the Stratoberdhas' marriage did not. In October 2021, Etleva filed a complaint for divorce in the Family Court, and Robert counterclaimed (the Family Court action). In the course of the divorce proceeding, the Family Court issued various orders,

three of which concerned the settlement agreement that was entered in the Superior Court and are pertinent to this appeal.

On March 24, 2022, a Family Court trial justice issued an order appointing Attorney Barbara E. Grady as "Commissioner to effectuate the sale of the Former Marital Domicile located at 18 Peggy Lane * * *." The order further directed

> "[t]hat Attorney Barbara E. Grady is hereby authorized to work with Attorney J. Russell Jackson, who represents [the Stratoberdhas] in [the Superior Court action] in order to obtain the best settlement/resolution of the matter. *Attorney Barbara E. Grady shall also have the authority to settle and/or compromise said claim in order to maximize the amount to be realized by the marital estate.*" (Emphasis added.)

Neither Robert nor Etleva sought review of the March 24, 2022 order.

In May 2023, Robert notified Commissioner Grady that he no longer wished Attorney Jackson to represent him in the Superior Court action and instead indicated that he would represent himself. Attorney Jackson continued to represent Etleva in the Superior Court action. A month later, in an effort to resolve the nearly decade-long Superior Court action, the Stratoberdhas, Clements Properties, the Town, and Commissioner Grady appeared before a justice of the Superior Court for a one-day-long mediation.[2] This endeavor proved successful; Clements Properties

---

[2] Prior to mediation, Rucando had unfortunately deceased. The settlement agreement ultimately dismissed all claims against Rucando.

agreed to purchase 18 Peggy Lane, the marital domicile, for $870,000; the Town agreed to pay damages in the amount of $75,000; and the Stratoberdhas would receive a total award of $945,000.[3]

Thereafter, a justice of the Family Court convened a hearing for the purpose of eliciting testimony from Commissioner Grady regarding the terms of the settlement agreement. During this hearing, Robert appeared *pro se*, provided testimony, and cross-examined Commissioner Grady. After the hearing, the Family Court trial justice ordered, in relevant part:

> "1. The terms and conditions set forth in the proposed Settlement Agreement, attached hereto and incorporated herein by reference, as related to the marital domicile located at 18 Peggy Lane, Portsmouth, Rhode Island, are hereby adopted and approved by this Honorable Court. *Said Settlement Agreement, containing the terms and conditions of the mediation settlement conference conducted * * * in connection with the Superior Court Action, shall be forthwith finalized and executed by all Parties named therein.*
>
> "2. This Honorable Court hereby instructs and orders Commissioner, Barbara Grady, Esq., *to forthwith execute*

---

[3] According to the record, the Stratoberdhas would also not have to pay a real estate commission for the sale of the marital domicile, a value estimated at approximately $43,000. The record also contains real estate appraisals at different intervals valuing the marital domicile at between $795,000 and $965,000. Commissioner Grady employed the services of an appraiser, who indicated that in October 2022 the property was valued at $865,000. Before the Family Court, Commissioner Grady testified that the $865,000 valuation did not take into consideration the water or flooding issues that plagued the property and that were the subject of the Superior Court action.

*the final Settlement Agreement on behalf of either Robert Stratoberdha or Etleva Stratoberdha, should either Party fail or refuse to so execute personally.*" (Emphases added.)

This order was entered on September 8, 2023, and neither Robert nor Etleva sought review of the order in this Court.

On or about October 26, 2023, a different justice of the Superior Court granted Attorney Jackson's motion to withdraw as Robert's legal counsel in the Superior Court action. Subsequently, Commissioner Grady, *inter alia*, filed with the Superior Court a motion to obtain approval of the settlement agreement and eventual dismissal of the Superior Court action. Commissioner Grady signed the motion on behalf of "Plaintiffs[,] By their Duly Appointed Family Court Commissioner," and attached the Family Court's March 24, 2022 order.

At the November 30, 2023 hearing, the Superior Court trial justice recognized that Robert lacked standing to object to the settlement agreement due to the Family Court's March 24, 2022 order, but nonetheless allowed him to address the court and object to the entry of the settlement agreement. After considering the arguments, the Superior Court trial justice concluded that the proposed settlement agreement was fair and reasonable; she approved the agreement and ordered the Superior Court action dismissed "upon compliance by the parties of the terms and conditions of the

[s]ettlement [a]greement." On December 18, 2023, Robert filed a premature but valid notice of appeal from the Superior Court's order.[4]

With the resolution of the marital asset at the center of the Superior Court action finally realized, Robert and Etleva returned to the Family Court. Over the course of six nonconsecutive days, a trial on the merits of the divorce action ensued. Thereafter, the trial justice granted the divorce and entered an interlocutory decision pending entry of final judgment. The interlocutory decision, which entered on March 5, 2024, incorporated the settlement agreement. In particular, the interlocutory decision directed that the marital domicile "shall be sold in accordance with the terms of the *mediated settlement agreement * * *.*" (Emphasis added.) The interlocutory decision also declared that "each Party shall be awarded one half of the net proceeds from the sale of the domicile *as well as any additional settlement money damages that were paid as a result of the Newport Superior Court Settlement.*" (Emphasis added.)

On April 15, 2024, Robert filed a notice of appeal, which indicated that he was appealing a Family Court order or judgment dated March 27, 2024. In due course, Etleva filed with this Court a motion to dismiss the recently filed appeal and

---

[4] The Superior Court order was entered on January 4, 2024. "It is well settled that this Court treats a premature appeal as timely filed." *McElroy v. Stephens*, 331 A.3d 971, 979 n.5 (R.I. 2025) (quoting *McCormick v. Narragansett Improvement Company, Inc.*, 314 A.3d 963, 965 n.4 (R.I. 2024)).

argued that the appeal was improper because the Family Court did not enter an order dated March 27, 2024. Alternatively, Etleva averred that, assuming Robert intended to appeal the interlocutory decision (entered on March 5, 2024), the notice of appeal was filed more than twenty days after the entry of the decision and therefore the appeal was untimely. On May 31, 2024, this Court granted Etleva's motion to dismiss the appeal and we declared that the "matter shall be closed."

Before this Court, Robert contends that the failure to properly appeal any order or decision from the Family Court action is of no moment in this appeal because the case at bar concerns the Superior Court's failure to independently review the validity of the Family Court's March 24, 2022 order, which granted Commissioner Grady the authority "to settle and/or compromise" the Superior Court action. Robert posits that on appeal the proper focus is not the Family Court's orders or interlocutory decision, but rather the Superior Court's effectuation of these decrees and failure to recognize that the Family Court could not authorize the resolution of the Superior Court action. In other words, Robert claims that the Superior Court erred when it entered and approved the settlement agreement in reliance on the Family Court's orders authorizing Commissioner Grady "to settle and/or compromise" the Superior Court action, as well as granting her the authority to execute a settlement agreement on behalf of Robert or Etleva if either refused to do so. Robert's legal arguments are wholly lacking in merit.

- 7 -

## Discussion

It is axiomatic that generally this Court does not permit appeals on an interlocutory basis. *See Carpenter v. Carpenter*, 316 A.3d 1261, 1263-64 (R.I. 2024). However, one exception to this rule permits an interlocutory appeal:

> "Whenever, upon a hearing in the superior court, an injunction shall be granted or continued, or a receiver appointed, *or a sale of real or personal property ordered*, by an interlocutory order or judgment * * * an appeal may be taken from such order or judgment to the supreme court in like manner as from a final judgment, and the appeal shall take precedence in the supreme court." General Laws 1956 § 9-24-7.

We have recognized that "[d]espite the ostensible limitation of § 9-24-7 to matters taking place in the Superior Court, we also apply this provision to Family Court orders that authorize property sales." *Carpenter*, 316 A.3d at 1264. Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure dictates that in civil cases, an appeal must be filed "within twenty (20) days of the date of the entry of the judgment, order, or decree appealed * * *."

Here, we are satisfied that the Family Court's March 24, 2022 order, which "authorized [Commissioner Grady] to take any and all steps necessary in order to sell [the marital domicile]," including a specific authorization to settle the claim, could have been appealed pursuant to § 9-24-7. Similarly, we conclude that the Family Court's September 8, 2023 order, which incorporated, adopted, and approved the settlement agreement as related to the marital domicile, could have been

- 8 -

appealed pursuant to § 9-24-7. The settlement agreement provided, *inter alia*, that Clements Properties "shall purchase the real estate currently owned by [p]laintiffs located at 18 Peggy Lane * * *." As noted, § 9-24-7 permits an appeal from an interlocutory order "that authorize[s] property sales." *Carpenter*, 316 A.3d at 1264.[5]

The record is also clear that on March 5, 2024, the Family Court entered its interlocutory decision pending entry of final judgment, but Robert did not file a notice of appeal until April 15, 2024. As discussed *supra*, Etleva filed a motion to dismiss the appeal with this Court, which we granted.[6] Because Robert failed to seek timely review, the Family Court's orders dated March 24, 2022, and September 8, 2023, as well as the Family Court's interlocutory decision pending entry of final judgment dated March 5, 2024, ripened into final decrees.

---

[5] We note that during the August 29, 2023 hearing, the Family Court trial justice advised Robert that if she adopted and approved the settlement agreement, but either Robert or Etleva refused to sign the settlement agreement, Commissioner Grady would execute the settlement agreement "as your representative by my order." Thereafter, the trial justice advised Robert that "if you don't like that, there is the Supreme Court that can -- you can do whatever you want up there." Robert did nothing.

[6] It is clear that the interlocutory decision pending entry of final judgment was appealable. General Laws 1956 § 14-1-52(a) provides that "[a] decision granting a divorce shall be appealable upon entry and, except as otherwise provided by law, the correctness of the decision shall not be reviewable upon an appeal from a final decree for divorce entered in pursuance of [G.L. 1956] § 15-5-23." *See Palin v. Palin*, 41 A.3d 248, 254 (R.I. 2012) ("We consistently have held that a decision pending entry of final judgment of divorce is appealable pursuant to Rule 4(a).").

In sum, the Family Court orders and the interlocutory decision pending entry of final judgment incorporated the settlement agreement, authorized Commissioner Grady to execute the settlement agreement if either Robert or Etleva refused to do so, and directed that Robert and Etleva evenly divide the net proceeds from the sale of the marital domicile and any additional settlement funds received as a result of the Superior Court action. While Robert suggests that the Superior Court should have independently reviewed the validity of one or more of the Family Court's orders, we conclude that the Superior Court trial justice had no warrant to do so, particularly in light of the finality of the Family Court decrees, which the Superior Court properly relied upon in performing the ministerial act of approving the settlement agreement. *See Boyer v. Bedrosian*, 57 A.3d 259, 283 n.36 (R.I. 2012) ("[T]he Superior Court was asked to make a ruling that could have found prior proceedings in the Family Court to have been invalid. In our opinion * * * this cuts against the grain of the effective administration of justice and the principle of respect among the various courts of concomitant jurisdiction."). We have reviewed the remaining issues raised by Robert and we have determined them to be without merit.

## Conclusion

For the reasons stated, the Superior Court's order entered on January 4, 2024, is affirmed. The papers in this case are remanded to the Superior Court.

Justice Lynch Prata did not participate.

- 10 -

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Robert Stratoberdha et al. v. Clements Properties, LLC, et al. |
| **Case Number** | No. 2024-17-Appeal.<br>(NC 13-437) |
| **Date Opinion Filed** | July 3, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>John O. Mancini, Esq.<br>Richard A. Boren, Esq. |
| | For Defendants:<br><br>Kathleen M. Daniels, Esq.<br>Cort B. Chappell, Esq.<br>Thomas M. Dickinson, Esq. |